IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LINDSAY AMMIRANTE, AUTUMN TROULLOS
and RACHEL MILLER,

          Plaintiffs,

v.                                    Civil Action No. 5:19CV12
                                                        (STAMP)
OHIO COUNTY BOARD OF EDUCATION,
JOE KOLB, Principal, in his
individual and official capacities,
KIMBERLY S. MILLER, Superintendent,
in her individual and official capacities
and RICK JONES, Assistant Superintendent,
individually and in his official capacity,

          Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT JOE KOLB'S
MOTION TO DISMISS COMPLAINT**


I. Background

     The plaintiffs, Lindsay Ammirante ("Ammirante"), Autumn
Troullos ("Troullos"), and Rachel Miller ("Miller"), filed a
complaint in the Circuit Court of Ohio County, West Virginia. ECF
No. 1-1. The defendants, the Ohio County Board of Education
("OCBOE"), Kimberly S. Miller ("Miller"), and Rick Jones ("Jones")
then removed this civil action to the United States District Court
for the Northern District of West Virginia. ECF No. 1. The
complaint alleges that the defendants were deliberately indifferent
in responding to a "sexual predator," defendant Joe Kolb ("Kolb"),
vice principal or principal at Bridge Street Middle School, on
school premises. ECF No. 1-1 at 1-5. The plaintiffs, female

teachers working in that school, contend that such conduct denied them access to educational activities and employment. Id. Specifically, plaintiffs state that one teacher had to take a leave of absence, another transferred to another school, and one is actively seeking employment elsewhere. Id. at 5. Plaintiffs contend that: (1) defendants OCBOE, Miller, and Jones were negligent (Counts I and II); (2) defendants OCBOE, Miller, and Jones conspired to commit plaintiffs' alleged violations (Count III); (3) defendant Kolb intentionally inflicted mental, physical, and emotional distress upon plaintiffs (Count IV); (4) defendant OCBOE violated Title IX by creating and/or subjecting plaintiffs to a hostile educational environment, by persisting in its actions and inactions after having actual knowledge of plaintiffs' harms and retaliation in addressing such harms, and by engaging in a pattern and practice of behavior designed to discourage and dissuade female employees who had been sexually harassed and retaliated against from seeking protection and from seeking to have sexual harassment be fully investigated (Counts V and VI); (5) defendants OCBOE, Kolb, Miller, and Jones violated 42 U.S.C. § 1983 (Counts VII and VIII); and (6) defendants OCBOE, Kolb, Miller, and Jones violated the West Virginia Human Rights Act ("WVHRA") (Count IX). Id. at 5-26. Plaintiffs seek compensatory and punitive damages, statutory interest, costs, and reasonable attorneys' fees, and injunctive relief requiring OCBOE to take effective steps to prevent sex-based

discrimination and harassment in its education programs, to fully investigate conduct that may constitute sex-based harassment, to appropriately respond to all conduct that may constitute sex-based harassment, and to mitigate the effects of harassment.  Id. at 26-27.

Defendant Kolb filed a motion and memorandum to dismiss plaintiffs' complaint.  ECF Nos. 6 and 7.  In his memorandum, defendant Kolb first contends that he is entitled to qualified immunity from most factual claims alleging wrongdoing in his individual capacity.  Id. at 3-5.  Defendant Kolb states that "significant portions of [p]laintiffs' complaint are discretionary acts which clearly do not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known,' and are therefore protected by qualified immunity."  Id. at 4.  Second, defendant Kolb asserts that plaintiffs' claims based on intentional infliction of emotional distress and § 1983 do not state claims upon which relief may be granted, specifically stating that plaintiffs did not set forth facts to make plaintiffs' hostile work environment or sexual harassment claims plausible.  Id. at 5-17.  Third, defendant Kolb asserts that plaintiffs do not allege actionable claims for retaliation under § 1983 since the plaintiffs do not set forth factual allegations that they have suffered a materially adverse employment action for purposes of a discrimination claim.  Id. at 18-19.  Fourth, defendant Kolb

contends that plaintiffs' WVHRA claims and/or hostile workplace claims do not state claims upon which relief may be granted, applying the same analysis set forth in his response to plaintiffs' claims under Title VII and § 1983. Id. at 20-21. Fifth, defendant Kolb asserts that plaintiffs' claims against him in his official capacity must be dismissed as duplicative of claims against OCBOE. Id. at 21-22. Lastly, defendant Kolb contends that the Title IX claims must be dismissed since such claims cannot be brought against individual defendants. Id. at 22.

Plaintiffs then filed a response in opposition to defendant Kolb's motion to dismiss. ECF No. 12. First, plaintiffs contend that defendant Kolb is not entitled to qualified immunity since plaintiffs' sexual harassment allegations are in violation of the Equal Protection Clause of the United States Constitution and federal law, and satisfy all pleading requirements. Id. at 5-7. Moreover, plaintiffs state that defendant Kolb's attempt to request dismissal of some claims based on "discretionary conduct" is without merit, since isolating defendant Kolb's alleged actions into separate and distinct incidents ignores plaintiffs' claims of retaliation. Id. at 7. Plaintiffs further assert that whether defendant Kolb's actions were unlawful are issues that a jury should decide. Id. at 8. Second, plaintiffs state that they have sufficiently pled a claim for intentional infliction of emotional distress, and that determining what amounts to "extreme and

outrageous" for purposes of a claim for intentional infliction of emotional distress is a determination made by the finder of fact, not based solely on allegations in the complaint, citing <u>Travis v. Alcon Labs., Inc.</u>, 202 W. Va. 369, 375-76, 504 S.E.2d 419, 425-26 (1998). <u>Id.</u> at 10-14. Third, plaintiffs contend that they have sufficiently pleaded claims of sexual harassment and retaliation under § 1983 because plaintiffs are not required to establish a prima facie case in their complaint, stating that the "prima facie" standard is imposed upon a complainant in a Title VII claim when proving, not when stating, a claim, citing <u>McDonnell Douglas Corp., v. Green</u>, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973), and <u>Swierkiewicz v. Sorema N.A.</u>, 54 U.S. 506, 515 (2002). Similarly, plaintiffs contend that they have alleged actionable claims of retaliation under § 1983 and the WVHRA for sexual harassment and a hostile workplace environment against defendant Kolb since they are not required to prove their claims in the complaint. <u>Id.</u> at 17-19. Plaintiffs then assert that dismissal of defendant Kolb in his official capacity would only be permissible as to claims made under § 1983, but defendant Kolb may be held individually liable under § 1983. <u>Id.</u> at 19-20. Lastly, plaintiffs note that they have not stated any claim against defendant Kolb under Title IX. <u>Id.</u> at 20.

Defendant Kolb then filed a reply in support of his motion to dismiss plaintiffs' complaint. ECF No. 13. First, defendant Kolb

asserts that plaintiffs do not allege sufficient facts to make any of their claims based on intentional infliction of emotional distress, sexual harassment and retaliation under § 1983, and the claim based on the WVHRA plausible under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), or Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Id. at 3-6. Specifically, with respect to plaintiffs' claims based on intentional infliction of emotional distress, defendant Kolb states that plaintiffs' response does not offer any case where such a claim with similar facts was upheld by a court; and, therefore, plaintiffs do not demonstrate "plausibility" that their complaint can be successful. Id. at 7. Moreover, defendant Kolb cites Travis, 202 W. Va. at 377-378, for support that a court, not a jury, decides whether conduct may reasonably be considered extreme and outrageous for purposes of a claim based on intentional infliction of emotional distress. Id. at 8. With respect to plaintiffs' § 1983 claims, defendant Kolb states that plaintiffs' allegations are not sufficiently severe or pervasive to establish claims based on sexual harassment and retaliation, and that most facts are not based on plaintiffs' sex. Id. at 10-12. Defendant Kolb asserts that plaintiffs are required to allege facts which plausibly satisfy the elements of a statutory cause of action, citing Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017). Id. at 12. Second, defendant Kolb contends that plaintiffs' assertion that discretionary administrative actions are

indicia of retaliation is without merit, since plaintiffs have not demonstrated that defendant Kolb maintained and reinforced a hostile work environment. Id. at 13-15. Therefore, defendant Kolb concludes, "significant portions of [his] allegedly discriminatory or hostile behavior are discretionary acts which clearly do not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known,' and are therefore protected by qualified immunity." Id. at 15.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

III. <u>Discussion</u>

This Court has reviewed the complaint in the light most favorable to the plaintiffs, and finds that the allegations asserted against defendant Kolb, even when assumed as true, are insufficient, as a matter of law, to proceed.

A. <u>Plaintiffs have failed to sufficiently plead their claims based on 42 U.S.C. § 1983</u>

With respect to plaintiffs' claims under § 1983, plaintiffs allege that defendant Kolb deprived them of their constitutional right to equal protection, and laws protecting against a sexually hostile work environment and sexual discrimination. Defendant Kolb argues (1) that plaintiffs have failed to state a claim under § 1983 and (2) that, in any event, he is entitled to qualified immunity.

Section 1983 creates a cause of action for a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person acting under color of state law. 42 U.S.C. § 1983. "[T]he equal protection clause confers on a public employee a federal constitutional right to be free from gender discrimination." <u>Beardsley v. Webb</u>, 30 F.3d 524, 530-31 (4th Cir. 1994). "[S]exual harassment has long been recognized to be a type of gender discrimination." <u>Id.</u> Moreover, Title VII protects against hostile or abusive work environments due to sexual discrimination and discrimination against an employee in retaliation for the employee's opposing the employer's illegal

discrimination practices or participating in Title VII enforcement proceedings.  42 U.S.C. § 2000e-3(a).

The Court will address each potential theory of liability in turn.[1]

1. <u>Hostile or Abusive Work Environment</u>

"Under Title VII and . . . § 1983, the elements of the required prima facie case are the same."[2]  <u>Gairola v. Com. of Va. Dep't of Gen. Servs.</u>, 753 F.2d 1281, 1285-86 (4th Cir. 1985); <u>see also</u> <u>Beardsley</u>, 30 F.3d at 529 ("Courts may apply the standards developed in Title VII litigation to similar litigation under § 1983.").  A plaintiff must prove that:

_____

[1]Plaintiffs claim that defendant Kolb violated section 1983 by subjecting them to sexual harassment in the workplace, creating a hostile work environment, and retaliation. "Intentional sexual harassment of a public employee by a supervisor constitutes gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and is actionable under section 1983." <u>Riley v. Buckner</u>, 1 F. App'x 130, 133 (2001) (citing <u>Beardsley</u>, 30 F.3d at 529 (4th Cir. 1994)).  The Fourth Circuit has also indicated that it "applies the standards developed for hostile work environment claims under Title VII to claims for sexual harassment under section 1983." <u>Riley</u>, 1 F. App'x at 133.  "Courts may apply Title VII standards to this type of equal protection claim." <u>Young v. Housing Auth. of Baltimore City</u>, 2017 WL 5257127, *13 (D. Md. Nov. 13, 2017).

[2]This Court notes that plaintiffs are not required to plead facts that constitute a prima facie case to survive a motion to dismiss.  <u>See</u> <u>Miller v. Carolinas Healthcare System</u>, 561 F. App'x 239, 241 (4th Cir. 2014); however, the Fourth Circuit "has recognized that <u>Swierkiewicz [v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)] 'left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of [a] claim.'"  <u>Miller</u>, 561 F. App'x at 241 (quoting <u>Jordan v. Alternative Res. Corp.</u>, 458 F.3d 332, 346 (4th Cir. 2006)).

> (1) the subject conduct was unwelcome; (2) it was based
> on the sex of the plaintiff; (3) it was sufficiently
> severe or pervasive to alter the plaintiff's conditions
> of employment and to create an abusive work environment;
> and (4) it was imputable on some factual basis to the
> employer.

Spicer v. Com. of Va. Dep't of Corr., 66 F.3d 705, 710 (4th Cir.

1995); see also Ocheltree v. Scollon Prods., Inc., 335 F.3d 325,

331 (4th Cir. 2003).

A defendant violates Title VII "[w]hen the workplace is

permeated with 'discriminatory intimidation, ridicule, and insult,'

that is 'sufficiently severe or pervasive to alter the conditions

of the victim's employment and create an abusive working

environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 11

S. Ct. 367, 370 (1993) (quoting Meritor Savings Bank, FSB v.

Vinson, 477 U.S. 57, 65, 106 S. Ct. 2399, 2405 (1986)) (internal

citations omitted); see also Ocheltree, 335 F.3d at 331.

> [W]hether an environment is 'hostile' or 'abusive' can be
> determined only by looking at all the circumstances.
> These may include the frequency of the discriminatory
> conduct; its severity; whether it is physically
> threatening or humiliating, or a mere offensive
> utterance; and whether it unreasonably interferes with an
> employee's work performance.  The effect on the
> employee's psychological well-being is, of course,
> relevant to determining whether the plaintiff actually
> found the environment abusive.  But while psychological
> harm, like any other relevant factor, may be taken into
> account, no single factor is required.

Harris, 510 U.S. at 23.

The United States Court of Appeals for the Fourth Circuit has

"recognized that plaintiffs must clear a high bar in order to

satisfy the severe or pervasive test." <u>EEOC v. Sunbelt Rentals, Inc.</u>, 521 F.3d 306, 315 (4th Cir. 2008). A court must consider "the objective severity of harassment . . . from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 81, 118 S. Ct. 998, 1003 (1998) (quoting Harris, 510 U.S. at 23, 114 S. Ct. at 371).

This Court finds that the facts, even when taken as true, do not demonstrate that, under the circumstances, a reasonable person in plaintiffs' positions would be significantly affected. This Court will proceed to analyze defendant Kolb's actions as they pertain to each plaintiff in turn.

a. <u>Plaintiff Ammirante</u>

Plaintiff Ammirante alleges that defendant Kolb: (1) sent her profane texts (ECF No. 1-1 at 8); (2) visited her classroom more than any other teacher (<u>id.</u>); (3) required her to change her hockey jersey on dress-down day (<u>id.</u> at 9); (4) required her to use half-days for out-of-school appointments (<u>id.</u>); (5) allowed an assistant principal to attend her class every period for a few days (<u>id.</u> at 11); yelled at her during a non-school baseball game (<u>id.</u> at 12); and (6) placed harassing comments on plaintiff's Facebook account and social media under what appears to plaintiff as fake names (<u>id.</u> at 14). This Court finds that a reasonable juror could not label such conduct as "physically threatening or humiliating" or

"severe."  Plaintiff Ammirante has failed to point out an act that would be fairly characterized as "severe."

The Fourth Circuit has found the required "severity" and "pervasiveness" to have been met in cases with facts that demonstrate why plaintiff Ammirante has failed to plead sufficient facts here.  For example, in <u>Smith v. First Union Nat'l Bank</u>, 202 F.3d 234, 242 (4th Cir. 2000), the Fourth Circuit found that the defendant's conduct that consisted of "repeated remarks that belittled her because she was a woman" was "severe or pervasive." <u>Id.</u>  The defendant in that case "directed insults at [plaintiff] on a regular basis; [defendant] made many of the remarks at least once a month."  <u>Id.</u>  Moreover, "[defendant] often concluded his orders to [plaintiff] by saying 'or else you'll see what will happen to you.'  Further, [defendant] made [a] 'slit a woman's throat' remark in the context of physically threatening gestures."  <u>Id.</u>  In that case, the Fourth Circuit contrasted the situation to <u>Hartsell v. Duplex Prod., Inc.</u>, 123 F.3d 766 (4th Cir. 1997), where the Court found that "four isolated, nonthreatening remarks by coworkers" was insufficient to establish a Title VII claim.  <u>Id.</u>  Similarly, the Fourth Circuit has found that a complaint alleging sexual harassment under Title VII should not be dismissed as a matter of law when there was evidence that the defendant made sexually suggestive remarks to plaintiff, kissed and rubbed his hands on her back, even after being told to stop, and entered into plaintiff's

apartment.  Paroline v. Unisys Corp., 879 F.2d 100, 103 (4th Cir.

1989), opinion vacated in part on reh'g on other grounds, 900

F.2d 27 (4th Cir. 1990).

Moreover, the Fourth Circuit has determined various cases

alleging facts similar to the case at hand, finding that the

allegedly offensive behavior was not sufficiently severe or

pervasive to constitute sexual harassment.  For example, in

Singleton v. Department of Correctional Educ., 115 F. App'x 119,

122 (4th Cir. 2004), the Court determined that the plaintiff's

allegations that defendant "made offensive comments, showed her

unwanted attention that made her uncomfortable, and continuously

expressed a sexual interest in her d[id] not meet the high standard

set forth under Title VII."  Id.  The Court indicated that "[t]he

conduct that she complain[ed] of, though boorish and offensive, is

more comparable to the kind of rude behavior, teasing, and offhand

comments that the Court [has] held are not sufficiently severe and

pervasive to constitute actionable sexual harassment."  Id.

Moreover, in Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 754

(4th Cir.), cert denied, 519 U.S. 818, 117 S. Ct. 70, 136 L.Ed.2d

30 (1996), the Fourth Circuit explained that a supervisor's alleged

harassment by sexual innuendos, jokes, and physical contact did not

create a sufficiently hostile work environment.  In support of that

conclusion, the Court cited Baskerville v. Culligan Intern. Co., 50

F.3d at 428, 430-31, where the Seventh Circuit overturned a verdict

because evidence that a supervisor called the victim a "pretty girl," commented on her clothes, and made "vulgar banter tinged with sexual innuendo" did not rise to the level required to establish an actionable Title VII claim. See also Hopkins, 77 F.3d at 752. See also Green v. Duie Pyle, Inc., 170 F. App'x 853 (4th Cir. 2006) (holding that despite prevalence of pornography and sexual comments in the workplace, the plaintiff failed to establish sufficient "severity or pervasiveness"); Dwyer v. Smith, 867 F.2d 184, 187-89 (4th Cir. 1989) (finding that a plaintiff's allegations that she was subject to pornographic material in her mailbox, was accused of having sex with workers, and was subject to sexually explicit conversations was not "severe or pervasive"); Lacy v. Amtrak, 205 F.3d 1333 (4th Cir. 2000) (holding that a one-time slur does not meet the requirement that the discriminatory conduct is "severe or pervasive").

This Court notes that while case law serves as guidance where certain conduct would satisfy a plaintiff's burden on the "severe or pervasive" element, this Court has not limited the applicable analysis only to instances where those precise behaviors are alleged to have occurred. See Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 209 (4th Cir. 2014). However, even when viewing the evidence in the light most favorable to plaintiff Ammirante, the facts in the complaint, even when assumed as true, are insufficient to meet the "severe or pervasive" standard. Her allegations do not

allege that defendant Kolb ever requested a sexual act or touched her inappropriately. Even though profane texts may be insufficient to establish liability on their own, plaintiff Ammirante fails to indicate or suggest that in such allegedly profane texts defendant Kolb discussed sexual subjects or showed her obscene materials. Neither did plaintiff Ammirante plead facts alleging that defendant Kolb threatened her.[3] Nor does plaintiff Ammirante allege sufficient facts that demonstrate that defendant Kolb's behavior interfered with her ability to perform her job.

While defendant Kolb's conduct, as alleged in the complaint, can certainly be characterized as boorish, offensive, and, at a minimum, as unprofessional, the circumstances here, viewed in the light most favorable to plaintiff Ammirante, do not reach the level in which "a reasonable trier of fact could conclude 'that the environment was pervaded with discriminatory conduct aimed to humiliate, ridicule, or intimidate, thereby creating an abusive

---

[3]Plaintiff Ammirante states in the complaint that after a meeting regarding defendant Kolb's alleged actions, defendant Kolb yelled at a baseball game: "Don't worry. You're going to get yours. It's coming. You want to go to the board office, you'll get yours. Go file that paperwork. You'll all get yours. It's coming to all of you." ECF No. 1-1 at 12. However, these statements are ambiguous, and it is not clear whether defendant was specifically addressing Ammirante. Moreover, it seems that defendant Kolb yelled at plaintiff Ammirante, this instance. In Hopkins, 77 F.3d at 753, the Fourth Circuit dismissed a claim, for among other reasons, because the conduct by defendant was "temporally diffuse, ambiguous, and often not specifically directed at [plaintiff]."

atmosphere.'"[4] Id. (citing EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 176). As the Fourth Circuit has made clear, incidents that are questionably severe, and are more offensive than physically threatening or humiliating do not satisfy the objective analysis required of the "severe or pervasive" element of a plaintiff's prima facie case. Green v. Caldera, 19 F. App'x 79, 80 (4th Cir. 2001).

Moreover, several of the allegedly offensive actions catalogued by plaintiff Ammirante do not seem to be even related to her gender. The Fourth Circuit has made it clear that "only harassment that occurs because of the victim's gender is actionable." Hartsell, 123 F.3d at 771; see also Hopkins, 77 F.3d at 751 ("Title VII does not reach discrimination based on [ ] reasons, such as the employee's sexual behavior, prudery, or vulnerability"); McWilliams v. Fairfax Cty. Bd. of Supervisors, 72 F.3d 1191, 1196 (4th Cir.) (finding "[the harasser's] vulgarity and insensitivity and meanness of spirit" insufficient to establish a Title VII hostile work environment claim), cert denied, 519 U.S. 819, 117 S. Ct. 72, 136 L.Ed.2d 32 (1996). Here, some of the conduct is sexually neutral or, at most, ambiguous. While such conduct may be tasteless and inappropriate, this Court cannot conclude that such conduct was "of the type that would interfere

_____

[4]As noted below, this description of defendant Kolb's alleged conduct would apply to his conduct as to the other plaintiffs as well.

with a reasonable person's work performance . . . to the extent required by Title VII." Hopkins, 77 F.3d 745, 753-54 (4th Cir. 1996) (citing Morgan v. Massachusetts Gen. Hosp., 901 F.2d 186, 193 (1st Cir. 1990)).[5]

Because this Court concludes that defendant Kolb's conduct does not constitute sexual harassment, defendant Kolb's motion to dismiss is granted with respect to plaintiff Ammirante's § 1983 claim based on Title VII and the Equal Protection Clause.

b. <u>Plaintiff Troullos</u>

Plaintiff Troullos alleges that defendant Kolb: (1) once tried to open the bathroom door while she was in the bathroom and laughed in her face about the incident (ECF No. 1-1 at 6); (2) once looked at or ogled her, including staring at her up and down (id. at 6-7); (3) made four statements that included: (a) the way clothes looked on her (id. at 6), (b) a comment about how "cum . . . just goes everywhere" (id.), (c) that he was devastated when she was pregnant (id. at 7), and (d) that plaintiff "like[s] meat" (id.); (4) that plaintiff was reassigned to a different grade over her objection (id. at 7); (5) that various teachers and students commented that defendant Kolb is always trying to flirt with plaintiff Troullos

_____

[5]This Court notes that the complaint even suggests some other motive for some of the alleged actions, indicating that plaintiff Ammirante is a relative of defendant Kolb's ex-wife and that during and after his separation and divorce from his ex-wife, defendant Kolb "commenced a campaign to harass and intimidate [p]laintiff Ammirante." ECF No. 1-1 at 8.

(id. at 7); (6) that defendant Kolb repeatedly came into plaintiff Troullos' classroom and would not comment to plaintiff except to ask if plaintiff Ammirante did any work (id. at 8); and (7) that she is forced to take a half day for appointments (id. at 9).

Applying the same standard set forth above, plaintiff Troullos' allegations, even if assumed as true, do not describe the degree of severity or pervasiveness necessary to create a hostile work environment. Moreover, similar to the allegations brought forth by plaintiff Ammirante, many of these allegations do not seem to be even related to her gender.

Because this Court concludes that defendant Kolb's conduct does not constitute sexual harassment, defendant Kolb's motion to dismiss is granted with respect to plaintiff Troullos' § 1983 claim based on Title VII and the Equal Protection Clause.

c.  Plaintiff Miller

Plaintiff Miller alleges that defendant Kolb: (1) once tried to open the bathroom door while she was in the bathroom and that after she exited the bathroom he said that he thought she was plaintiff Troullos and laughed (ECF No. 1-1 at 6); and (2) plaintiff Miller was forced to take half-days (id. at 9). Again, applying the same standard set forth above, and after careful review, this Court is convinced that the conduct of which plaintiff Miller complains was neither sufficiently severe nor sufficiently

pervasive to create an environment that a reasonable person would find hostile or abusive.

Moreover, the second allegedly offensive action mentioned above does not seem to be even related to her gender. Defendant Kolb's action seems to be sexually neutral or, at most, ambiguous.

Because this Court concludes that defendant Kolb's conduct does not constitute sexual harassment, defendant Kolb's motion to dismiss is granted with respect to plaintiff Miller's § 1983 claim based on Title VII and the Equal Protection Clause.

2. Retaliation

The plaintiffs also allege a retaliation claim against defendant Kolb. For example, plaintiff Troullos alleges that she "was forced to move grades and teach a different grade over her objection." ECF No. 1-1 at 7. Moreover, the complaint states that defendant Kolb used "pseudonyms to continue to harass and bully [p]laintiff Ammirante on social media in retaliation for being reported to [d]efendant [OCBOE]." Id. at 1-1. Lastly, the plaintiffs all allege that "after filing complaints, [they] [were] forced to take half days instead of being allowed to obtain coverage for appointments." Id. at 9. Further, due to defendant Kolb's conduct, plaintiff Troullos alleges that she was forced to take a leave of absence, and plaintiff Ammirante alleges that she

was forced to leave the middle school she was employed, and that they were thus constructively discharged.[6] Id. at 26.

To establish a prima facie case of retaliation, the plaintiffs must show that (1) they were engaged in a protected activity; (2) defendant Kolb took an adverse employment action against them; and (3) there was a causal link between the protected activity and the adverse action. Williams v. Silver Spring Volunteer Fire Dep't, 86 F. Supp. 2d 398, 417 (4th Cir. 2015). The plaintiffs have not pleaded sufficient facts of retaliation.

First, plaintiffs engaged in protected activity by reporting defendant Kolb's actions and addressing their concerns. Id.; see also Laughlin v. Metro Washington Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998) ("[Protected] activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.").

In order to determine whether there is an adverse employment action "for a retaliation claim, a plaintiff need only show that she suffered an action that was 'materially adverse,' meaning that the action 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.' Williams, 86 F. Supp. 3d

_____

[6]The complaint specifically references defendant OCBOE and not defendant Kolb with respect to constructive discharge; however, this Court will analyze defendant Kolb's alleged precipitating actions that may have led to plaintiffs' alleged constructive discharge.

at 418 (citing <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006)). Significant changes in employment include changes "in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998); <u>see also</u> <u>James v. Booz-Allen Hamilton</u>, 368 F.3d 371, 375 (4th Cir. 2001) (requiring a "discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment"). "Typical indicators of an adverse employment action include a decrease in pay, a demotion, loss of job title or supervisory responsibility, and loss of opportunities for advancement." <u>Auriemma v. Logan's Roadhouse, Inc.</u>, 2012 WL 5844967, *3 (W.D. Va. Nov. 19, 2012) (citing <u>Boone v. Goldin</u>, 178 F.3d 253, 255 (4th Cir. 1999)). With respect to constructive discharge, "an employee is constructively discharged 'if an employer deliberately makes the working conditions of the employee intolerable in an effort to induce the employee to quit.'" <u>Whitten v. Fred's Inc.</u>, 601 F.3d 231, 248 (4th Cir. 2010) (quoting <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1353-54 (4th Cir. 1995)). "However, mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." <u>James v. Booz-Allen & Hamilton, Inc.</u>, 368 F.3d

371, 378 (4th Cir. 2004) (internal quotation marks and alterations omitted).

Here, plaintiffs fail to plead sufficient facts, even when assumed as true, that are sufficient to constitute as adverse employment actions. The facts do not plausibly support that the plaintiffs were subject to adverse employment actions because such actions do not constitute "significant change[s] in employment status" necessary to a retaliation claim. The facts also do not plausibly show the intolerability requirement necessary for constructive discharge. Accordingly, this Court grants defendant Kolb's motion to dismiss plaintiffs' retaliation claims.

### 3. Qualified Immunity

Defendant Kolb claims that he is entitled to qualified immunity. Plaintiffs must show that (1) defendant Kolb violated their right to be free from discrimination and a hostile work environment and (2) the right was clearly established at the time of the events at issue. Graham v. Gagnon, 831 F.3d 176, 182 (4th Cir. 2016). For the reasons stated above, plaintiffs have failed to show a violation of their rights; therefore, the issue of whether defendant Kolb is entitled to qualified immunity need not be determined.

B. <u>Plaintiffs have failed to sufficiently plead their claims based on the West Virginia Human Rights Act</u>

The West Virginia Supreme Court of Appeals has observed that similar standards for evaluating hostile work environment claims have been adopted and applied in both federal and state courts. <u>Erps v. W. Va. Human Rights Comm'n</u>, 224 W. Va. 126, 680 S.E.2d 371, 379 (2009).

A claim for sexual harassment under the West Virginia Human Rights Act, W. Va. Code, § 5-11-1 <u>et seq.</u>, based on a hostile or abusive work environment requires that the plaintiff prove:

> (1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) it was imputable on some factual basis to the employer.

Syl. Pt. 5, <u>Hanlon v. Chambers</u>, 195 W. Va. 99, 464 S.E.2d 741, 745 (1995); <u>see also</u> West Virginia Code of State Regulations § 77-4-2.2 ("Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when . . . [s]uch conduct has the purpose or effect of unreasonably interfering with an individual's work-performance or creating an intimidating, hostile, or offensive working environment.").

"Whether an environment is hostile or abusive can be determined only by considering all the circumstances, which may include the frequency of the discriminatory conduct; its severity;

24

whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Erps, 680 S.E.2d at 379.

Moreover, West Virginia Code of State Regulations § 77-4-1, et seq. provides guidelines for interpreting the WVHRA's prohibition against discrimination on the basis of sex by sexual harassment, specifically providing guidance as to whether alleged sexual harassment is sufficiently severe or pervasive.  W. Va. Code R. § 77-4-1.  Factors that may be considered include: (1) the presence of unwelcome physical touching; (2) offensive or threatening verbal abuse; (3) unwelcome or consistent sexual innuendo or physical contact; and (4) the frequency of the unwelcome and offensive encounters.  W. Va. Code R. § 77-4-2.4.  The regulation explains that "[a] person who has been harassed on an isolated basis may offer evidence of harassment suffered by other employees as proof that the harassment was pervasive or severe."  Id.

In light of the marked similarities between the federal and state standards, for the reasons discussed above with respect to plaintiffs' § 1983 claims, this Court concludes that plaintiffs' WVHRA hostile work environment claims also fail on the third and perhaps second elements because even if the Court accepts all the allegations in the complaint as true, the facts do not support the conclusion that the unwelcome conduct of which plaintiffs complain was sufficiently severe or pervasive to alter their conditions of

employment and create an abusive work environment.  Moreover, several of the claims do not seem to be related to the plaintiffs' gender, is sexually neutral or, at most, ambiguous.

Additionally, as unique to the plaintiffs' WVHRA claims, none of the factors in the West Virginia Code of Regulations § 77-4-2 compel a contrary conclusion.  The complained of conduct did not involve physical touching or the verbal abuse that has been found to be sufficient for such a claim in prior case law.  To the extent that plaintiffs allege facts that may be similar, such may provide additional evidence of harassment but this Court cannot find that it is sufficient to establish that such harassment was pervasive or severe.  In consideration of these factors, this Court finds that the complained-of harassment was not pervasive or severe under the framework articulated by the Supreme Court of West Virginia and the West Virginia Code of Regulations.

Therefore, this Court concludes that defendant Kolb's motion to dismiss is granted with respect to plaintiffs' WVHRA hostile work environment claims.

C. Plaintiffs have failed to sufficiently plead their claims for intentional infliction of emotional distress

To prevail on a claim for intentional infliction of emotional distress/tort of outrage, a plaintiff must show the following four elements:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with

> the intent to inflict emotional distress, or acted
> recklessly when it was certain or substantially certain
> emotional distress would result from his conduct; (3)
> that the actions of the defendant caused the plaintiff to
> suffer emotional distress; and (4) that the emotional
> distress suffered by the plaintiff was so severe that no
> reasonable person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 504 S.E.2d 419, 425 (W. Va. 1998). "[T]he tort of outrageous conduct . . . is a difficult fact pattern to prove." Hines v. Hills Dep't Stores, Inc., 193 W. Va. 91, 96 454 S.E.2d 385, 390 (1994). "[O]ften the flagrancy and 'enormity' of the defendant's misconduct 'adds especial weight to the plaintiff's claim, and is in itself an important guarantee that the mental disturbance which follows is serious and not feigned.'" McClenathan v. Rhone-Poulenc, Inc., 926 F. Supp. 1272, 1278 (S.D. W. Va. 1996) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 12 at 57 and 56)). Oftentimes the conduct necessary to prove intentional infliction of emotional distress is unprecedented in nature. McClenathan, 926 F. Supp. at 1279. Whether conduct can be considered outrageous by a trier of fact is a question of law. Id.

The first prong requires that the plaintiff show atrocious conduct; it must be more than unkind or unfair. Travis, 504 S.E.2d at 425. "[C]onduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct." Courtney v. Courtney, 413 S.E.2d 418, 423 (W. Va. 1991).

Here, as a matter of law, the plaintiffs have not shown sufficient evidence of conduct that an average member of the community would find outrageous. <u>Travis</u>, 504 S.E.2d at 428. Therefore, they have failed to state a claim for intentional infliction of emotional distress. Moreover, since this Court holds that "the conduct complained of, in a full contextual analysis, was not sufficiently egregious to create an 'abusive' or 'hostile' environment,'[ ] [this Court] cannot sustain a state-law cause of action for intentional infliction of emotional distress. <u>Hartsell</u>, 123 F.3d at 774 (applying North Carolina law) (citing <u>Dwyer v. Smith</u>, 867 F.2d 184, 194-95 (4th Cir. 1989) (applying Virginia law)). Therefore, defendant Kolb's motion to dismiss as to this claim must be granted.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the defendant Joe Kolb's motion to dismiss the complaint (ECF No. 6) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:  July 3, 2019


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE